IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRIMITIVO AVILA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-10-0136 |
| | § | |
| HARVEY G. LAPPIN, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Primitivo Avila, a federal inmate proceeding *pro se* and *in forma pauperis*, brings this civil action against Harvey G. Lappin, Michael Mukasey, Dan Joslin, D. Molina, and J. Foy pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] and the Federal Tort Claims Act ("FTCA").[2] Defendants filed a motion to dismiss (Docket Entry No. 31), to which plaintiff filed a response (Docket Entry No. 32).

After carefully reviewing the motion and response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons that follow.

---

[1] A *Bivens* action is the federal counterpart of section 1983 and extends the protections afforded by section 1983 to parties injured by federal actors not liable under section 1983.

[2] The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees and authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred. 28 U.S.C. §§ 1346(b) and 2674.

## I. BACKGROUND AND CLAIMS

Plaintiff alleges that on March 28, 2008, while in federal custody at the Federal Correctional Institution ("FCI") in Three Rivers, Texas, he was physically assaulted and stabbed by members of a prison gang known as the Mexican Mafia. He claims that prison officials failed to protect him from the assault and were deliberately indifferent to his safety needs. He also claims that the officials were negligent in not taking steps to prevent the incident. Accordingly, plaintiff asserts Eighth Amendment constitutional violations and claims for negligence under the FTCA. He seeks medical care and monetary damages.

In their motion to dismiss, defendants assert that plaintiff failed to exhaust his administrative remedies as to his Eighth Amendment claims for failure to protect and deliberate indifference. They further assert that plaintiff's claims for negligence under the FTCA are barred by limitations because this lawsuit was not filed within six months after his administrative FTCA claim was denied.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir.1996). Dismissal is appropriate only if the factual allegations are insufficient to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

More recently, the Supreme Court expounded upon the *Twombly* standard and held that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). In this regard, a review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. 2008). A complaint filed after expiration of the applicable limitations should be dismissed under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and no grounds for tolling provisions are alleged. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### III. FAILURE TO EXHAUST

Defendants move to dismiss plaintiff's claim of failure to protect on the grounds that he failed to exhaust his prison administrate remedies as required by 42 U.S.C. § 1997e. In the Prison Litigation Reform Act, Congress mandated that inmates must exhaust their administrative remedies prior to filing civil rights actions:

3

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). The Supreme Court has clarified that a prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). However, an inmate's failure to exhaust is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007). An inmate's failure to exhaust administrative remedies is sufficient to support dismissal of the inmate's lawsuit. *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

In support of the motion to dismiss, defendants submit the following affidavit of Martin Joseph Sweaney regarding plaintiff's failure to exhaust:

> I am presently employed and have since July, 1989, been employed by the United States Department of Justice, Federal Bureau of Prisons (BOP) as Attorney. The official duties and responsibilities of my current position

4

include access to computerized records maintained by the BOP in the ordinary course of business.

The BOP makes available to its inmates a three-level administrative remedy process should informal resolution procedures fail to achieve sufficient results. In most cases, the first step is to file a Request for Administrative Remedy locally with the Warden at the institution; should the Warden deny the request, the inmate may appeal the decision by filing a Regional Administrative Remedy Appeal with the Regional Director for the region where he is currently located. If the Regional Director denies the appeal, the inmate can appeal the decision by filing a Central Office Administrative Remedy Appeal with the General Counsel at the Central Office in Washington, D.C. Should the appeal be denied by the General Counsel, the inmate may then file a civil action. The appeal to the General Counsel is the final administrative remedy in the BOP.

According to computerized records maintained by the BOP in the ordinary course of business, the plaintiff, Primitivo Avila (Primativo Avila, according to BOP records), federal register number 33436-018, has never submitted any filing pursuant to the BOP's administrative remedy system. Thus, it is the BOP's position that the plaintiff has not even commenced, much less completed, the process of exhausting the BOP's administrative remedy system with regard to any issue whatsoever related to his incarceration in the BOP.

After a thorough and diligent search of the BOP's database for Administrative Tort Claims, I have found the following:

1. Claim for Damage, Injury, or Death filed by the plaintiff, indexed as TRT-SCR-2008-05963, of which Attachment A is a true, accurate, and complete copy; and

2. The response to TRT-SCR-2008-05963, dated 30 December 2008, of which Attachment B is a true, accurate, and complete copy.

(Docket Entry No. 31, Exhibit A.)

Accordingly, defendants show that plaintiff did not exhaust his BOP administrative remedies for his Eighth Amendment claims prior to filing this lawsuit. Plaintiff argues in his

response to the motion to dismiss that, under *Jones v. Bock*, 549 U.S. 199, 216 (2007), he is not required to exhaust his administrative remedies. Plaintiff misreads the *Bock* decision, and it provides him no support for his argument that exhaustion is unnecessary.

Defendants' motion to dismiss plaintiff's *Bivens* claims for his failure to exhaust prison administrative remedies is **GRANTED**, and plaintiff's Eighth Amendment claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

## IV.  STATUTE OF LIMITATIONS

Congress enacted the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671, as a limited waiver of sovereign immunity of the United States. *Johnston v. United States*, 85 F.3d 217, 218 (5th Cir. 1996). Subject to some specific exceptions, the FTCA gives federal district courts jurisdiction over claims against the United States for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Sheridan v. United States*, 487 U.S. 392, 398 (1988); *Crider v. United States*, 885 F.2d 294, 296 (5th Cir. 1989); 28 U.S.C. § 1346(b). Defendants contend that plaintiff's FTCA claims are barred by limitations and should be dismissed.

In order to bring a tort claim against the United States under the FTCA, a claimant must file an administrative claim with the appropriate federal agency within two years of the

accrual of the claim, then file a tort claim lawsuit within six months after the denial of that claim by the administrative agency. 28 U.S.C. § 2401(b); *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001). A claimant is required to meet both filing deadlines. *Id.*

The general rule under the FTCA is that "a tort claim accrues at the time of the plaintiff's injury." *United States v. Kubrick*, 444 U.S. 111, 120 (1979). Plaintiff's pleadings show that his cause of action for negligence accrued on the date of the incident, March 28, 2008. His Claim for Damage, Injury, or Death under the FTCA was timely filed on June 28, 2008, and denied on December 30, 2008. Accordingly, plaintiff's deadline for filing the instant lawsuit was six months later, on or about June 28, 2009. However, plaintiff filed this lawsuit no earlier than September 1, 2009, after expiration of the *six months* limitation, and his argument that it was filed within two years after the incident is of no moment. *See Ramming*, 281 F.3d at 162 (holding that the lawsuit must be filed within the two-year *and* the six-month limitation). Accordingly, plaintiff's claims for negligence under the FTCA are untimely. To the extent plaintiff argues that the Supreme Court "overruled" these deadlines in the *Jones v. Bock* decision, he again misreads that opinion. Defendants' motion to dismiss the negligence claims as barred by limitations is **GRANTED** and plaintiff's claims for negligence are **DISMISSED WITH PREJUDICE** as barred by limitations.

## V. CONCLUSION

For these reasons, the motion to dismiss (Docket Entry No. 31) is **GRANTED**. Plaintiff's Eighth Amendment claims for failure to protect and deliberate indifference are

**DISMISSED WITHOUT PREJUDICE** for failure to exhaust. Plaintiff's FTCA claims for negligence are **DISMISSED WITH PREJUDICE** as barred by limitations. Any and all other motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 22 day of February, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE